## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDY LEE KINNEY, : Civil No. 3:17-cv-1635
:
      Plaintiff : (Judge Mariani)
:
   v. :
:
JOHN WETZEL, :
:
      Defendant :

## MEMORANDUM

Plaintiff Randy Lee Kinney ("Kinney"), a former Pennsylvania state inmate who, at all

times relevant, was housed at the State Correctional Institution at Retreat, in Hunlock

Creek, Pennsylvania ("SCI-Retreat"), and the State Correctional Institution at Mahanoy, in

Frackville, Pennsylvania ("SCI-Mahanoy"),[1] initiated this action pursuant to 42 U.S.C. §

1983. (Doc. 1). Named as the sole Defendant is John Wetzel, Secretary of the Department

of Corrections. (Id.). For the reasons set forth below, the Court will dismiss this action for

failure to prosecute and failure to comply with a Court Order.

### I.   Background

The allegations of the complaint relate to Kinney's medical care for the Hepatitis C

viral infection. (Doc. 1). On December 6, 2017, Defendant filed an answer to the complaint

---

[1]   Kinney is no longer incarcerated. (See Doc. 20). Upon entering Kinney's identification
number, MH0207, into the Vinelink Inmate Locator System, his status was returned as "out of custody" . . .
"DOC Sentence Served." See https://vinelink.com/#/search.

with affirmative defenses. (Doc. 17).

On November 9, 2017, Kinney filed a motion to appoint counsel. (Doc. 16). On May 4, 2018, the Court issued a Memorandum and Order denying Kinney's motion to appoint counsel. (Docs. 18, 19). The Court's mail was returned, unopened, as undeliverable, and marked as inmate paroled. (Doc. 20). Accordingly, on May 22, 2018, the Court Ordered Kinney to provide his current address. (Doc. 21). The Order warned Kinney that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.*) (citing Federal Rule of Civil Procedure 41(b)). Kinney failed to reply. Kinney has not communicated with the Court since November 9, 2017, and has not provided the Court with a current, updated address.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).

2

Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

## A.    Analysis of the *Poulis* Factors

### 1.    The extent of the party's personal responsibility

In the present matter, Kinney is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the Court has been waiting seven months for Kinney to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

### 2.    The prejudice to the adversary

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Kinney's continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the

3

Defendant who seeks timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

### 3. A history of dilatoriness

Third, Kinney has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules. As is clear from the procedural background of this case, Kinney has not communicated with the Court since November 9, 2017. (Doc. 16). On May 22, 2018, the Court Ordered Kinney to provide his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 21). The Order warned Kinney that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.*) (citing Federal Rule of Civil Procedure 41(b)). Kinney failed to comply with the Order and the time for complying has now passed. The Court finds that over the past seven months, Kinney has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. *See* (Doc. 3, p. 6, Standing Practice Order issued September 12, 2017). *See also* (M.D. Pa. Local Rule of Court 83.18). Pursuant to Local Rule 83.18, a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in

4

the action may be served upon such party." M.D. Pa. L.R. 83.18. Kinney has clearly failed to comply with the terms set forth in the Standing Practice Order and Middle District of Pennsylvania Local Rule 83.18.

### 4. Was the conduct willful or in bad faith?

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Kinney has offered no explanation for his failure to provide the Court with his current address, and has been less than diligent in pursuing this matter. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

### 5. Effectiveness of sanctions other than dismissal

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Kinney's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Kinney's whereabouts.

5

### 6. Meritoriousness of the claim

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save Kinney's claims, since he is now wholly non-compliant with his obligations as a litigant.

### B. Balancing of the *Poulis* Factors

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). It is clear that, following a full analysis of the factors, the majority of the six factors weigh heavily in favor of Defendant and dismissal of the action for failure to prosecute.

### III. Conclusion

Kinney's last communication with the Court was on November 9, 2017. (Doc. 16). It is clear that Kinney has been released from custody. *See* (Doc. 20; https://www.vinelink.com/#/search). Kinney's prolonged failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the *Poulis* factors, it is clear that the factors

militate in favor of dismissal of Kinney's claims.

A separate Order shall issue.

Dated: June 12, 2018

Robert D. Mariani
United States District Judge